UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN PILKINGTON, et al.,<br><br>    Defendants. | Case No.17-cv-05942-JSC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff Stephen Lamont, proceeding pro se, brings this action against Defendants John Pilkington and Mary Ellen Pilkington. The Court previously granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.) The Court must now review the allegations under 28 U.S.C. § 1915. Because the complaint fails to establish a basis for subject matter jurisdiction, the Court orders Plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction.

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). And in any event, the Court has an independent obligation to address whether it has subject matter jurisdiction over the case. *See Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are

"obligated to consider sua sponte whether [they] have subject matter jurisdiction").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint here invokes diversity jurisdiction.

To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). In addition, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. Plaintiff seeks damages in excess of a hundred million dollars which satisfies the amount in controversy requirement. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings."). However, given the allegations of the Complaint, the Court has concerns regarding the diversity of citizenship of the parties.

Plaintiff alleges that he is a resident of the State of California and that the Defendants are residents of New York. (Complaint ¶¶ 3, 5-7.) Plaintiff has not provided a physical address for himself, and instead, the pleadings list his address as "undomiciled, San Francisco, California." (Dkt. Nos. 1, 2, 6.) The allegations of the Complaint are that Plaintiff "operates on a world stage from the Seattle to San Diego technology corridors to Bangalore, India and many places in between residing at [undomiciled], San Francisco, California." (Complaint ¶ 5.) However, the claim in this action arises out of acts of negligence with respect to Defendants' maintenance of a property Plaintiff leased in Rye, New York commencing March 1, 2013. (*Id*. ¶¶ 8-31.) The Complaint alleges specific acts of negligence between 2014 and 2015, but also states that these negligent acts continue "to even date below." (*Id*. ¶¶ 12, 17, 23.) These allegations suggest that Plaintiff is still living in the residence in Rye, New York, rather than San Francisco.

For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (1986). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id*. at 749-50 (citations omitted); *see also Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *Kanter*, 265 F.3d at 857. Domicile is evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750. Plaintiff, as the party asserting diversity jurisdiction, bears the burden of establishing his domicile. *Id*. at 751.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to this Court's subject matter jurisdiction, and particularly, as to his domicile for purposes of diversity jurisdiction. Plaintiff's response to this Order to Show Cause is due December 4, 2017. Failure to respond to the Order to Show Cause may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. Pro. 41(b).

As Plaintiff is proceeding pro se, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: November 20, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge