1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6

7  P. STEPHEN LAMONT,                    Case No.  18-cv-01079-WHO

8          Plaintiff,
                                         **ORDER ADOPTING REPORT AND**
9      v.                                **RECOMMENDATION**

10  ANN EDWARDS, et al.,                 Re: Dkt. No. 21

11          Defendants.

12  P. STEPHEN LAMONT,                    Case No.  18-cv-01421-WHO

13          Plaintiff,

14     v.

15  RAMONITA REYES, et al.,              Re: Dkt. No. 19

16          Defendants.

17  P. STEPHEN LAMONT,                    Case No.  17-cv-05942-WHO

18          Plaintiff,

19     v.

20  JOHN PILKINGTON, et al.,             Re: Dkt. No. 36

21          Defendants.

22

23        This matter is here for review of Magistrate Judge Jacqueline Scott Corley's Report and

24  Recommendation to Dismiss for Lack of Personal Jurisdiction.  Edwards Dkt. No. 21, Reyes Dkt.

25  No. 19, Pilkington Dkt. No. 36.  Plaintiff P. Stephen Lamont brought these three actions as a result

26  of the removal of his minor son from his custody in New York state.  Judge Corley recommends

27  dismissal because there is no personal jurisdiction in California.  Lamont timely opposes the

28  Report and Recommendation, essentially arguing that Judge Corley ignored the "fair play and

substantial justice" factors as detailed in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). This argument is not persuasive for the very reasons Judge Corley articulates.

In her well-reasoned opinion, Judge Corley explains that there is no general jurisdiction because Lamont does not allege any contact by any defendant with California. Then she notes that there is a three part test to find specific jurisdiction: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d at 802. The plaintiff has the burden of proving the first two parts. *Id*. Failure to do so means that the court cannot exercise specific personal jurisdiction over a defendant; "fair play and substantial justice" only comes into play where a plaintiff has demonstrated the satisfaction of the first two parts of the test.

As detailed in the Report and Recommendation, Lamont failed to satisfy the first two parts of the test. As a result, the factor of "fair play and substantial justice" as detailed in *World-Wide Volkswagen Corp.* is immaterial. Lamont's objection lacks merit.

I find that Judge Corley's Report and Recommendation is correct, well-reasoned, and thorough; I adopt it in every respect. Accordingly, this case is DISMISSED without prejudice to Lamont bringing his claims in the proper federal forum.

**IT IS SO ORDERED.**

Dated: May 10, 2018

William H. Orrick
United States District Judge

2